IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISON

| | | |
|---|---|---|
| LARSEN HOLDINGS, LLC AND VC SAIED D/B/A VCS HOMES  Plaintiff, | § § § § | |
| v. | § § | CIVIL ACTION NO. 7:23-CV-44-M |
| ANPAC LOUISIANA INSURANCE COMPANY AND AS&G CLAIMS ADMINISTRATION, INC.,  Defendants. | § § § § § | JURY TRIAL |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **LARSEN HOLDINGS, LLC,** and **VC SAIED d/b/a VCS HOMES**, Plaintiffs, and files this, their First Amended Complaint against Defendant, **ANPAC LOUISIANA INSURANCE COMPANY** and for cause of action would respectfully show as follows:

## PARTIES AND SERVICE

1. Plaintiff, **LARSEN HOLDINGS, LLC,** is a limited liability company in the State of Texas.

2. Plaintiff, **VC SAIED d/b/a VCS HOMES**, is a sole proprietorship based in the State of Texas.

3. Defendant, **ANPAC LOUISIANA INSURANCE COMPANY**, is an insurance company engaging in the business of insurance in the State of Texas and has already entered an appearance in this case. Defendant's citizenship is unknown at this time.

## JURISDICTION AND VENUE

4. The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

5. This court has jurisdiction over Defendant ANPAC because it is an insurance company engaging in the business of insurance in the State of Texas.

6. Venue in Northern District of Texas is proper in this case because this case was removed from the District Court in Wichita County, Texas. 28 U.S.C. § 1441(a).

## FACTS

7. This case is about the unfair, deceptive, and bad-faith denial of covered homeowners' insurance benefits and a breach of the insurer's duty of good faith and fair dealing and numerous violations of the Texas Insurance Code.

8. ANPAC Louisiana Insurance Company systematically compels policyholders to initiate suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them in violation of 28 TAC *§*21.203 of the Administrative Code.

9. Plaintiffs are the named insureds in ANPAC Louisiana Insurance Company Policies Nos. SWRTX1699, SWRTX2253, SWR27740 and IPPTX2340 hereinafter referred to as "the Policy." The policy is a replacement cost policy. The insuring agreement covers losses due to hail and wind damage.

10. On or about, November 10, 2021, and May 13, 2022, Plaintiffs' properties were damaged as a result of a hail and windstorm. Plaintiff's properties suffered extensive damage. Thereafter, Plaintiff reported the following claims:

| | |
|---|---|
| 105 James Dr. | $21,671.51 |
| 129 James Dr. | $16,558.25 |
| 1612 Longview St. | $18,687.45 |
| 2844 Featherston Ave | $9,002.12 |
| 2920 Lavell Ave | $7,502.67 |
| 4504 Kristy Lane | $17,258.25 |
| 2122 Ave F | $10,773.77 |
| 1612 Gunnison | $12,579.96 |
| 7 Sleepy Hollow Dr. | $14,438.25 |
| 3105 Basin St. | $15,766.66 |

11. Defendant dispatched representatives from AS&G Claims Administration, Inc. to investigate Plaintiff's claim. However, AS&G Claims Administration, Inc. partially denied then closed the claim absent conducting a reasonable investigation into all the covered damages to the properties which constitutes an unfair or deceptive claim settlement practice with respect to an insurance claim. AS&G Claims Administration, Inc., significantly underpaid the loss knowing that the claim was worth over $100,000.00.

12. Here, the adjusters assigned to Plaintiffs' claim were placed in a position to help Plaintiffs in a time of distress after a devastating storm and it was critically important that they take enough time to properly do their jobs and analyze all the damage to Plaintiffs' property. Instead, the adjusters handled the claim in a manner calculated to construct a pretextual basis for underpayment of Plaintiffs' claim.

13. Under a replacement cost policy, the liability limits of the policy and the premium paid by the insured are determined on the basis of the replacement cost of the

structure. The value of contractor´s overhead and profit, as well as sales tax on building materials, has been included in the limit of liability for which the insured has paid premium. It is settled law that insurers may not deduct, or withhold, contractors' overhead and profit (O&P) and sales tax from an ACV payment. *Tolar v. Allstate Tex. Lloyd's Co.*, 772 F. Supp. 2d 825, 831 (N.D. Tex. 2011). However, Defendant systematically denies prospective contractors' overhead and profit and sales tax on every claim.

> From: Mike Murphy <mmurphy@asg-adj.com>
> Sent: Wednesday, November 16, 2022 1:43 PM
> To: Keith Burton <kburton@asgclaims.com>
> Subject: RE: 508.1235.3490 CAT and 508.1458.3490 PP
>
> Yes, actually by TDI directives, insured is entitled to O&P even if its just one trade. We normally don't include it but if they are pushing for it, we should go ahead and add it in.

14. Adjuster Mike Murphy blatantly admits the scheme to systematically underpay claims and only pay "if they are pushing for it." But, Plaintiffs bargained for the right to make an honest claim under the Policy and to receive compensation with a minimum of inconvenience. However, Defendant systematically compels policyholders to initiate suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them which is an unfair settlement practice.

15. Defendant attempted to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to an advertisement made by ANPAC Louisiana Insurance Company or person acting on behalf of ANPAC Louisiana Insurance Company by systematically excluding contractors' overhead and profit.

16. ANPAC Louisiana Insurance Company failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim after ANPAC Louisiana Insurance Company's liability became reasonably clear. A reasonable objective investigation would have revealed the extensive damage and Plaintiffs would have been fully compensated under the terms of the Policy.

17. Together, Defendants set about to deny or underpay a properly covered loss to Plaintiffs' detriment.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

18. Plaintiff incorporates herein by reference paragraphs 1 through 17.

19. An insurance policy is a contract that establishes the respective rights and obligations to which an insurer and its insured have mutually agreed.

20. An insurance policy, however, is a unique type of contract because an insurer generally has exclusive control over the evaluation, processing, and denial of claims, and it can easily use that control to take advantage of its insured. Because of this inherent "unequal bargaining power," the Texas Supreme Court concluded that the "special relationship" between an insurer and insured justifies the imposition of a common-law duty on insurers to "deal fairly and in good faith with their insureds."[1]

21. Plaintiffs bargained for the right to make an honest claim under the Policy and to receive compensation with a minimum of inconvenience. However, Defendant systematically compels policyholders to initiate suits to recover amounts due under its policies by offering substantially less than the amounts ultimately

---

[1] *USAA Texas Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 488 (Tex. 2018).

recovered in suits brought by them which is an unfair settlement practice and a breach of the contract.

22. Under the terms of policy, Defendants' agreed to pay for direct physical loss to property caused by windstorm or hail. ANPAC Louisiana Insurance Company breached the terms of the agreement by failing to meet contractual deadlines or provide the reasons for denying Plaintiff's claims in the above properties. ANPAC Louisiana Insurance Company failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim after ANPAC Louisiana Insurance Company's liability became reasonably clear. A reasonable objective investigation would have revealed the extensive damage and Plaintiffs would have been fully compensated under the terms of the Policy.

23. When AS&G Claims Administration, Inc., denied the claims, Defendant breached the loss settlement clause in the policy. The proof of loss condition was waived because it was never requested before the claim was denied. To date, Plaintiffs have not received full benefits they are entitled to, when the policy required payment 60 days after notice of the claim.

24. Defendant also failed to pay lost rental income despite promising to do so.

> If a covered loss to the insured property described in the Certificate of Insurance makes that part of the property rented to others, or held for rental by the insured, uninhabitable we will cover the loss of rents as described herein.
>
> Loss of rents means the loss of rents of that part of the property rented to others, or held for rental by the insured, that is uninhabitable. Loss of rents does not include charges and expenses which do not continue.
>
> Payment shall be for the shortest time required to repair or replace that part of the property rented to others, or held for rental by the insured, but shall not exceed 12 months. This period of time is not limited by the expiration of this policy.

25. If Plaintiffs never repair or replace the damaged or destroyed property, they're still entitled to actual cash value of the damaged property and lost rental income. Indemnity is the foundation of an insurance policy. The objective is that the

insured should neither reap economic gain nor incur a loss if adequately insured. This objective requires that the insured receive a payment equal to that of the covered loss so that the insured will be restored to the same position after the loss as before the loss.

26. The calculation of actual cash value will result in an under-payment if the insurer fails to include all damaged property or deducts prospective contractors' overhead and profit and sales tax in determining the actual cash value in a replacement cost policy. To be sure, "the deduction of prospective contractors' overhead and profit and sales tax in determining the actual cash value under a replacement cost policy is improper, is not a reasonable interpretation of the policy language, and is unfair to insureds."[2]

27. Generally, the objectives of indemnity will be met if actual cash value is calculated as replacement cost with proper deduction for depreciation. There is no situation in which the deduction from replacement cost of general contractors' overhead and profit and/or sales tax on materials will be the correct measure of actual cash value. Under a replacement cost policy, the liability limits of the policy and the premium paid by Plaintiffs are determined on the basis of the replacement cost of the structure. The value of contractor´s overhead and profit, as well as sales tax on building materials, has been included in the limit of liability for which Plaintiff paid for in exchange for insurance coverage.

---

[2] *See* TDI Bulletin No. B-0045-98 available online at the Department's website: http://www.tdi.state.tx.us/bulletins/1998/b-0045-8.html.

28. When Defendants', in determining actual cash value, excluded costs that are included in the determination of liability limits, on which Plaintiffs' premium was based, it breached the contract because Defendants' received premium on insurable values for which it never intended to pay.

29. Plaintiffs submitted a valid claim for hail damage within the policy period and ANPAC Louisiana Insurance Company breached the contract by denying the claim in violation of the provisions cited above.

## SECOND CAUSE OF ACTION
## UNFAIR OR DECEPTIVE ACTS OR TRADE PRATICES

30. Plaintiff incorporates herein by reference paragraphs 1 through 29.

31. No insurer may engage in unfair claim settlement practices. Section 541.003 of the Texas Insurance Code provides that a person may not engage in a trade practice that is defined in Chapter 541 as an unfair method of competition or an unfair or deceptive act or practice in the business of insurance.

32. Section 541.061 provides that it is an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by: (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. Defendant violated these provisions when it mischaracterized hail damage as preexisting or cosmetic and underpaid Plaintiffs' claim, knowing that the claim was worth over $100,000.00

33. These are untrue statements of material fact. This is also evidence of statements that would mislead a reasonably prudent person to a false conclusion of a material fact that the damage was caused by something other than hail damage.

34. Section 541.051 prohibits making, issuing, or circulating an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued: the terms of the policy or the benefits or advantages promised by the policy. Defendants violated this provision when it mischaracterized the policy as full coverage when it contained a litany of exclusions. Plaintiffs would not have purchased this policy if it was disclosed that they would have to hire an attorney to be paid O&P and loss rental income.

35. Section 541.060 provides that it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in any of nine categories of unfair settlement practices defined by the statute. The nine categories include (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where the insurer's liability has become reasonably clear; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim or offer of compromise settlement; (4) failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights letter; and (7) refusing to pay a claim without conducting a reasonable investigation.

36. ANPAC Louisiana Insurance Company misrepresented a material fact or policy provision relating to coverage at issue when it intentionally mischaracterized the

cause and extent of hail damage to Plaintiffs' properties and denied loss rental income.  Defendant promised to cover "direct physical loss" to the property and failed to do so.  According to Plaintiffs' general contractor the damage to the properties was over $100,000.00.

37. Defendants ANPAC Louisiana Insurance Company and AS&G Claims Administration, Inc., refused to meet Plaintiffs' general contractor at the properties to reconcile the differences in the estimates, failed to acknowledge with reasonable promptness pertinent communications with respect to the claim, and failed to respond promptly to a request by Plaintiffs for personal contact about or review of the claim in violation of 28 TAC §21.203 of the Administrative Code.

38. Defendant failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where its liability become reasonably clear. Misrepresenting demonstrable damages as cosmetic or preexisting to avoid making payments to Plaintiff is not good faith.  It's evidence of conscious disregard of the truth.

39. ANPAC's scant denial letters provided no explanation for the basis for delaying payment of the claims.  Defendant also advertised goods or services with intent not to sell them as advertised in violation of the DTPA.  Defendant's promised to cover loss rental income and never intended to do so.  Plaintiffs paid their premiums timely and expected to be covered in the event of a catastrophic loss.

40. ANPAC Louisiana Insurance Company has intentionally failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies in violation of 28 TAC §21.203 of the Administrative Code. Defendant

violated all of these provisions when it delayed payment of Plaintiff's claim and refused to respond to requests for information promptly. Plaintiff is entitled to 13.5% interest and attorney's fees in addition to the wrongfully denied benefits.

41. Defendant has also failed to maintain a complete record of all complaints which it has received during the preceding three years. ANPAC Louisiana Insurance Company systematically compels policyholders to initiate suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them in violation of 28 TAC §21.203 of the Administrative Code.

42. Together, Defendants misrepresented to Plaintiffs the cause and extent of damage to the properties. As a result of the aforementioned conduct, Plaintiff has incurred damages within the jurisdictional limits of this Court.

## THIRD CAUSE OF ACTION
## BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

43. Plaintiff incorporates herein by reference paragraphs 1 through 42.

44. Under Texas law accompanying every contract is a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a *tort* as well as a breach of contract. This duty of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer.

45. The duty of good faith and fair dealing is thus imposed on the insurer because of the disparity of bargaining power and the exclusive control that the insurer exercises over the processing of claims. A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for

denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

46. Here, there was no reasonable basis for denying full benefits. ANPAC Louisiana Insurance Company orchestrated the investigation in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim.

47. A reasonable insurer under similar circumstances would not have delayed or denied Plaintiffs' claim. Based on the foregoing facts, ANPAC Louisiana Insurance Company actually knew or should have known there was no reasonable basis to delay payment.

### FOURTH CAUSE OF ACTION
### BREACH OF THE PROMPT PAYMENT OF CLAIMS ACT

48. Plaintiff incorporates herein by reference paragraphs 1 through 47.

49. ANPAC Louisiana Insurance Company systematically compels policyholders to initiate suits to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered in suits brought by them in violation of 28 TAC §21.203 of the Administrative Code.

50. ANPAC Louisiana Insurance Company failed to notify Plaintiffs in writing of the acceptance or rejection of Plaintiffs' claims, including the reasons for the rejection of lost rental income claims.[3]

51. ANPAC Louisiana Insurance Company failed to provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for ANPAC

---

[3] TEX. INS. CODE §542.056

Louisiana Insurance Company's denial of Plaintiffs' claim and failed within a reasonable time to affirm or deny coverage of Plaintiffs' claim.

52. ANPAC Louisiana Insurance Company failed to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies and failed to respond promptly to a request by Plaintiffs for personal contact about or review of the claim.

53. Plaintiffs are entitled to the entire amount to restore its properties to the same position before the loss plus 13.5% penalty interest per annum on the amount unreasonably withheld, together with reasonable attorney's fees.[4]

54. The attorney's fees shall be taxed as part of the costs in the case.

## ATTORNEY'S FEES

55. Plaintiffs seek recovery of their reasonable attorney's fees and costs against Defendants in accordance with §38.001 *et seq.* of the Texas Civil Practice and Remedies Code, and §541 *et seq.* and §542 *et seq.* of the Texas Insurance Code.

## CONDITIONS PRECEDENT

56. All conditions precedent to Plaintiffs' right of recovery of all causes of action pleaded herein have been performed, have occurred, or been excused.

## JURY DEMAND

57. Plaintiffs demand a jury trial and tenders the appropriate fee with this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial by jury hereof, said Plaintiffs recover judgment for actual damages and punitive against

---

[4] Tex. Ins. Code §542.060.

Defendants, including penalty interest thereon; that upon a finding that ANPAC Louisiana Insurance Company or its agents acted knowingly Plaintiffs be entitled to recover from ANPAC Louisiana Insurance Company and its agents additional damages in an amount of up to three times his actual damages; that Plaintiffs be awarded reasonable attorney's fees and expenses incurred in obtaining judgment against Defendants and any appeals of this case; and that Plaintiffs be granted all further relief, either at law or in equity, including punitive or exemplary damages, to which they may show themselves justly entitled.

Respectfully submitted,

**CLIFFORD K. NKEYASEN** PLLC
Attorneys + Counselors
4310 N. Central Expy, Suite 103
Dallas, TX 75206
Tel: (469) 249-9271
Fax: (469) 249-9113
**clifford@coveragedenied.com**

By:     */s/ Clifford Nkeyasen*
Clifford K. Nkeyasen
Texas Bar No: 24044876

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the 1st day of February 2024, a true and correct copy of the above and foregoing has been served by:
☐ certified mail, ☐ return receipt requested; ☐ overnight delivery; ☐ hand delivery; ☐ United States first class mail; ☐ facsimile transmission, ☒ electronic transmission on the following counsel:

Mary-Ellen King
Thompson, Coe, Cousins & Irons, LLP
MKing@thompsoncoe.com
2801 Via Fortuna, Suite 300
Austin, Texas 78746
Telephone: (512) 827-2035
Fax: (512) 708-8777

Attorneys for Defendant ANPAC Louisiana Insurance Company

                                      */s/ Clifford K. Nkeyasen*
                                      Clifford K. Nkeyasen